UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KENNETH HERSOM,

                      Plaintiff,

    -against-

ARMY REVIEW BOARDS AGENCY SUPPORT
DIVISION, ST. LOUIS,

                      Defendant.
------------------------------------------------------------------x

MEMORANDUM AND ORDER

08-CV-1466 (ENV) (LB)

VITALIANO, D.J.

    *Pro se* plaintiff Kenneth Hersom brought this action against the Army Review Boards Agency Support Division, St. Louis, seeking a medical discharge and disability benefits. On April 23, 2008, the Court, *sua sponte*, dismissed the action on the ground that the Court lacked subject matter jurisdiction, that is, it did not have the power or authority to hear plaintiff's claims. On or around May 6, 2008, Hersom filed a letter, requesting that the Court review 23 mental reports from the Army and the VA and stating that "only by a jury of my peers can I receive justice in the Federal Courts." The Court treats this letter as a motion for reconsideration.

    Pursuant to Local Civil Rule 6.3, a party seeking reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked– matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see Equal Employment Opportunity Comm'n v. Federal Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003) (holding that a motion for reconsideration "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court"). Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an



issue already decided." Shrader, 70 F.3d at 257. Whether or not to grant such a motion "is within the sound discretion of the district court." Federal Express Corp., 268 F. Supp. 2d at 195.

Hersom does not point to any controlling decisions or facts that the Court has overlooked, but rather reiterates his same general complaints about the Army. In the absence of any new, relevant, facts or law, there is no basis for the Court to reconsider its prior decision. See Shrader, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Accordingly, the motion is denied. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 16, 2008

ERIC N. VITALIANO
United States District Judge

2